UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
GLOBAL EDGE DESIGN INC.,

                                                                                20-cv-9654 (PKC)

        -against-                                       OPINION AND ORDER

MATTHEW JUSTIN MICHEL,

                       Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Global Edge Design, Inc. ("Edge Design") is a Canadian corporation that sells and markets a kitchen utensil used to clean traditional whisks. It seeks declaratory judgments against defendant Matthew Justin Michel that it has not infringed any rights in three patents owned by Michel, and that one of his patents is invalid. Edge Design also brings an unfair competition claim under section 43(a) the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), and an unfair competition claim under New York state law. Michel, proceeding pro se, has moved to dismiss the claims based on a lack of personal jurisdiction, Rule 12(b)(2), Fed R. Civ. P. In the alternative, he asserts that venue is not proper in the Southern District of New York. For the reasons explained below, Michel's motion will be granted.

BACKGROUND

        Edge Design is a corporation organized under Canadian law with its principal place of business in Montreal, Canada. (Compl. at ¶ 1.) The company markets and sells a variety of kitchen utensils, including the whisk cleaner that Michel has allegedly claimed violates one or more of his patents. (Id. at ¶ 7.) Michel is an individual who resides in California.

*Mailed to Mr. Michel on 4/20/2021*

(Compl. at ¶ 2; Def. Mot. at 2.)  Through his website, whiskwiper.com, and through Amazon.com, Michel sells a whisk cleaner of his own.  (Id.)

On January 17, 2019, Michel sent an email to Edge Design using a contact form on the company's website.  (Compl. at ¶ 20; Def. Mot. at 3.)  The email explained that Michel had recently asked an Amazon.com merchant, one of Edge Design's customers, to remove a listing for the Edge Design whisk cleaner because it infringed upon one of Michel's patents.  Michel demanded that Edge Design cease and desist from further infringement and clarify whether the product was on sale in the United States.  (Compl. at ¶ 20.)  At the time, the product was sold across the United States.  (Id. at ¶ 21.)

In response to Michel's cease and desist letter, counsel for Edge Design replied.  (Id. at ¶ 23.)  The attorney, Jerry Dunne, is located in New York.  He explained that Edge Design forwarded the email to him, and refuted Michel's accusations of infringement.  (Id.)  Dunne and Michel engaged in a series of emails through at least February 22, 2019.  (Id. at ¶ 32.)  No agreement regarding the alleged infringement was reached, leading to Edge Design's filing of the present action.

LEGAL STANDARD

In a patent infringement action, including one seeking a declaration of noninfringement, jurisdictional questions are controlled by Federal Circuit law, as "the jurisdictional issue is 'intimately involved with the substance of the patent laws.' " Avocent Huntsville Corp. v. Aten Intern. Co., Ltd., 552 F.3d 1324, 1328 (Fed. Cir. 2008) (quoting Akro Corp. v. Luker, 45 F.3d 1541, 1543 (Fed. Cir. 1995)); see also Maxchief Investments Ltd. v. Wok & Pan, Ind., Inc., 909 F.3d 1134, 1137 (Fed. Cir. 2018).

In order for the Court to exercise personal jurisdiction, "the nonresident defendant must have 'certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " New World Int'l, Inc. v. Ford Global Techs., LLC, 859 F.3d 1032, 1037 (Fed. Cir. 2017) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). A defendant can be subject to either general or specific jurisdiction. "Under general jurisdiction, a district court can 'hear any and all claims against [out-of-state defendants] when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum state.' " NexLearn, LLC v. Allen Interactions, Inc., 859 F.3d 1371, 1375 (Fed. Cir. 2017) (quoting Daimler AG v. Bauman, 571 U.S. 117, 127 (2014)). Under the narrower specific jurisdiction, a district court can hear certain claims against a defendant where that defendant "has purposefully directed his activities at residents of the forum, and [] the litigation results from alleged injuries that arise out of or relate to those activities." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985).

Because the parties have not conducted discovery, plaintiff need only "make a prima facie showing that [defendant is] subject to personal jurisdiction. As such, the pleadings [] are to be construed in the light most favorable to [plaintiff]." Silent Drive, Inc. v. Strong Indus., Inc., 326 F.3d 1194, 1201 (Fed. Cir. 2003) (citation omitted). The Court "must accept the uncontroverted allegations in the plaintiff's complaint as true and resolve any factual conflicts in the affidavits in the plaintiff's favor." Elecs. For Imaging, Inc. v. Coyle, 340 F.3d 1344, 1349 (Fed. Cir. 2003) (citations omitted).

DISCUSSION

Under the law of the Federal Circuit, "[d]etermining whether personal jurisdiction exists over an out-of-state defendant involves two inquiries: whether the forum state's long-arm

statute permits service of process, and whether the assertion of personal jurisdiction would violate due process." Inamed Corp. v. Kuzmak, 249 F.3d 1356, 1359 (Fed. Cir. 2001). Though Federal Circuit law applies to the constitutional question of whether the exercise of personal jurisdiction over Michel is in line with his due process rights, New York and Second Circuit law controls the statutory reach of personal jurisdiction. Graphic Controls Corp. v. Utah Medical Prods., Inc., 149 F.3d 1382, 1386 (Fed. Cir. 1998).

Because the long-arm statute of the forum state, New York, "does not coincide with the limits of the Due Process clause," the Court must engage in both a statutory and constitutional analysis. Best Van Lines, Inc. v. Walker, 490 F.3d 239, 244 (2d Cir. 2007). Recognizing that Michel lacks the requisite contacts with New York to be subject to general jurisdiction here, Edge Design argues that he is subject to specific jurisdiction based on the assertions of patent infringement that he made towards Edge Design's New York-based lawyer, and the fact that both Edge Design and Michel sell and market their products via websites that are accessible to New York customers.

### A. There Is No Statutory Basis For Personal Jurisdiction

Edge Design cites C.P.L.R. 302(a)(2) as the statutory basis for personal jurisdiction in New York. (Pl. Mot. at 3.) The statute provides for jurisdiction over anyone who "commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act[.]" N.Y. C.P.L.R. 302(a)(2). According to Edge Design, Michel's emails alleging patent infringement constitute the tort of unfair competition in New York.

To qualify for jurisdiction under section 302(a)(2), "a defendant's act or omission [must have] occur[red] within the State." Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 790 (2d Cir. 1999) (quoting Kramer v. Vogl, 17 N.Y.2d 27, 31

(1966)). This means that the defendant must have been "physically present in New York when he committed the tort." Madison Capital Markets, LLC v. Starneth Europe B.V., 15 cv 7123, 2016 WL 4484251, at *8 (S.D.N.Y. Aug. 23, 2016) (Sweet, J).

New York courts have "consistently interpreted § 302(a)(2) jurisdiction narrowly, finding that correspondence by a defendant into New York without more generally does not confer New York jurisdiction over the correspondent." Carlson v. Cuevas, 932 F. Supp. 76, 79 (S.D.N.Y. 1996) (collecting cases). This includes telephone calls, mailed letters, and emails. See, e.g., Giusto v. Rose & Womble Realty Co., LLC., 15 cv 5249, 2016 WL 4544038 (E.D.N.Y. Aug. 31, 2016); Thackurdeen v. Duke Univ, 130 F. Supp. 792 (S.D.N.Y. 2015); Digital Lab Solutions, LLC v. Stickler, 06 cv 6482, 2007 WL 700821 (S.D.N.Y. Mar. 7, 2007).

Here, Michel's allegedly tortious act, typing and sending emails alleging patent infringement, occurred in California. See Bensusan Rest. Corp. v. King, 126 F.3d 25, 29 (2d Cir. 1997) (no jurisdiction under section 302(a)(2) because "the acts giving rise to [plaintiff's] lawsuit—including the authorization and creation of [defendant's] web site . . . were performed by persons physically present in Missouri and not in New York.") Moreover, Michel sent his initial letter through Edge Design's website, with the intent that the email be transmitted to Canada where Edge Design is based. That Edge Design, itself, forwarded the email to a New York-based attorney, who then engaged in discussions with Michel, does not mean that Michel has committed a tort in New York. To find otherwise would allow a corporation to obtain

personal jurisdiction over a defendant in any state of its choosing simply by utilizing an attorney in that state.[1]

> B. Personal Jurisdiction Over Michel Does Not Comport With Due Process

Exercising personal jurisdiction over Michel would also run afoul of his due process rights. The Federal Circuit has promulgated a three-factor test to determine the existence of specific jurisdiction in line with Supreme Court due process jurisprudence: "(1) whether the defendant purposefully directed its activities at residents of the forum; (2) whether the claim arises out of or relates to the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is reasonable and fair." Inamed Corp. v. Kuzmak, 249 F.3d 1356, 1360 (Fed. Cir. 2001) (citation omitted). Not a single factor is satisfied by Michel's cease and desist letters.

"With respect to the first factor . . . 'it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.' " Xilinx, Inc. v. Papst Licensing GmbH & Co. KG, 848 F.3d 1346, 1354 (Fed. Cir. 2017) (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)). The inquiry is one that requires the Court to "consider a variety of interests in assessing whether jurisdiction would be fair." Genetic Veterinary Sciences, Inc. v. LABOKLIN GmbH & Co. KG, 933 F.3d 1302, 1312 (Fed. Cir. 2019) (citation and internal quotation marks omitted). The Federal Circuit has "concluded that cease-and-desist

---

[1] New York courts have also held that sending a cease and desist letter is insufficient to confer personal jurisdiction under CPLR § 302(a)(1) which provides jurisdiction over a defendant who "transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. 302(a)(1). See Beacon Enterprises v. Menzies, 715 F.2d 757, 766 (2d Cir. 1983) ("New York courts have consistently refused to sustain section 302(a)(1) jurisdiction solely on the basis of defendant's communications from another locale with a party in New York."); see also Marvel Characters, Inc. v. Kirby, 726 F.3d 119, 128 (2d Cir. 2013). A "letter alleging infringement in an unspecified locale and threatening litigation in an unspecified forum" is insufficient as "an activity invoking the benefits and protections of New York law." Beacon Enterprises, 715 F.3d at 766.

letters sent by the patentee defendant into the forum are relevant contacts in the personal jurisdiction analysis." Xilinx, Inc., 848 F.3d at 1354 (citation omitted). However, although not a "bright-line rule", the Circuit has held that "without more, such letters are not sufficient to satisfy the requirements of Due Process in declaratory judgment actions." Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355, 1360 (Fed. Cir. 1998); Genetic Veterinary Sciences, Inc., 933 F.3d at 1312. In Maxchief Invs. Ltd. v. Wok & Pan, Ind., Inc., the Federal Circuit articulated the types of activities that subject a defendant to personal jurisdiction after cease and desist letters have been sent:

> For example, we have found minimum contacts where the patentee sent infringement notice letters to an entity doing business in the forum state and traveled there to discuss the alleged infringement, see Xilinx, 848 F.3d at 1354, or where the patentee entered into an exclusive licensing agreement with an entity in the forum state that would permit the licensee to litigate infringement claims against third party infringers of the licensed patents, see Breckenridge Pharm., Inc. v. Metabolite Labs., Inc., 444 F.3d 1356, 1366 (Fed. Cir. 2006) (citing Akro Corp. v. Luker, 45 F.3d 1541, 1546 (Fed. Cir. 1995).

Maxchief Invs. Ltd., 909 F.3d at 1134.

Michel's activity pales in comparison to this. He never traveled to New York to enforce his intellectual property rights. There are no allegations that he has any contact with the state, other than his website that is accessible nationwide. (Compl. at ¶ 2.) His initial cease and desist letter was sent to Canada and was forwarded to New York without his knowledge or consent. As the Second Circuit has said (in the context of statutory personal jurisdiction), a "letter alleging infringement in an unspecified locale and threatening litigation in an unspecified forum" is insufficient as "an activity invoking the benefits and protections of New York law." Beacon Enterprises, 715 F.3d at 766. The Court finds that Michel has not purposefully availed himself of New York law.

Nor do Michel's happenstance contacts with New York sufficiently relate to the cause of action. In an action seeking a declaratory judgment and asserting claims of unfair competition, this inquiry collapses with the purposeful availment inquiry. "The nature of the claim in a declaratory judgment action is 'to clear the air of infringement charges.' Such a claim neither directly arises out of nor relates to the making, . . . selling, or importing of arguably infringing products in the forum, but instead arises out of or relates to the activities of the defendant patentee in enforcing the patent or patents in suit." Avocent Huntsville Corp., 552 F.3d at 1333 (quoting Red Wing Shoe Co., 148 F.3d at 1360). Because of this, the "relevant inquiry. . . becomes to what extent has the defendant patentee purposefully directed [such enforcement activities] at residents of the forum. . . ." Id. A Californian sending a cease and desist letter to a Canadian company through the company's website is not specifically directed at New York. The Canadian company's engagement of a lawyer in New York to respond to Michel does not push his actions over the minimum requirements of due process.

Lastly, this Court's exercise of personal jurisdiction over Michel would not be reasonable or fair. Relevant factors in this inquiry include "[1] 'the burden on the defendant,' [2] 'the forum State's interest in adjudicating the dispute,' [3] 'the plaintiff's interest in obtaining convenient and effective relief,' [4] 'the interstate judicial system's interest in obtaining the most efficient resolution of controversies,' and [5] the 'shared interest of the several States in furthering fundamental substantive social policies.' " Avocent Huntsville Corp., 552 F.3d at 1331 (quoting Burger King, 471 U.S. at 476). The Federal Circuit has explicitly held that "[p]rinciples of fair play and substantial justice afford a patentee sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum." Red Wing Shoe Co., 148 F.3d at 1360-61. For this reason, a "patentee should not subject itself to personal

- 9 -

jurisdiction in a forum solely by informing a party who happens to be located there of suspect infringement" as it "would not comport with principles of fairness." Id. at 1361.

Neither Edge Design nor Michel are located in New York. The burden on Michel, a California citizen, to litigate across the country in New York is significant. The benefit to Edge Design, a Canadian company selling products across the United States, to litigating in New York is solely the convenience to its New York-based patent attorney. New York's interest in being the forum for this action is no greater than any other state where Edge Design sells its products.

CONCLUSION

For the reasons stated above, Michel's motion to dismiss this action for lack of personal jurisdiction is GRANTED.[2] Because the Court has granted his motion, it declines to decide the alternative motion to transfer, which was not fully addressed in either party's brief. The Clerk is directed to terminate the motion (Doc 12) and close the case.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
        April 20, 2021

---

[2] Because the Court lacks personal jurisdiction over Michel with respect to his declaratory judgment and Lanham Act claims, it lacks jurisdiction over his state law unfair competition claim as well. Avocent Huntsville Corp., 552 F.3d at 1340; 28 U.S.C. § 1367.